## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JULIE PACE**                                                      **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.:** _2:23-cv-19-HSO-BWR_

**STATE FARM FIRE AND CASUALTY**
**COMPANY; and JOHN DOES 1-10**                                    **DEFENDANTS**

---

### COMPLAINT
### (Jury Trial Demanded)

---

**COMES NOW** the Plaintiff, Julie Pace, ("Plaintiff" or "Pace")) by and through her attorney, and files this her Complaint against Defendants, State Farm Fire and Casualty Company ("State Farm") and John Does 1-10, and for Plaintiff's causes of action would show unto the Court the following:

### Parties

1. Plaintiff Pace is an adult resident citizen of Forrest County, Mississippi.

2. Defendant State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and may be served through its agent for service of process, United States Corporation Company, at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3. Defendants designated as John Does 1 through 10 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or

entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend their Complaint once the identities of the unknown Defendants are learned

### Jurisdiction and Venue

4. Jurisdiction is proper in this Court because: Jurisdiction is proper in this Court pursuant to 28 USCA § 1332 because this is a tort action involving a Mississippi resident and a foreign insurance.

5. Venue is proper in this Court pursuant to 28 USCA § 1391.

### Facts

6. Pace is an adult resident citizen of the State of Mississippi and resides at 99 Broken Arrow Trail, Petal, Mississippi 39465 (hereinafter referred to as "the Home").

7. In 2020, 2021, and 2022, major windstorms, tornadoes, and thunderstorms severely damaged the Home, including significant damage to the roof, which created an opening in the roof and caused the roof to leak, resulting in major damage to the Home and the personal property therein.

8. State Farm issued to Plaintiff Policy No. 24-BS-H726-5 (hereinafter referred to as "the Policy"), which provided coverage to the Home at all pertinent times.

9. The Policy specifically insured the Home for physical loss to the property caused by windstorms and hail, among other perils.

10. Plaintiff timely paid all Policy premiums.

11. The Policy was in force and effect at all relevant times.

12. Following the loss, Plaintiff contacted State Farm and promptly made a claim to State Farm.

13. On September 26, 2021, State Farm sent an adjuster to the Home, but the adjuster only investigated the water damage inside the home and failed to properly investigate or adjust the damage to the roof which was the main cause of the water damage inside the Home and failed to adjust for the full extent of the damages to the Home. At no point did State Farm get on the roof to properly investigate and adjust the roof damage.

14. Despite clear evidence of roof damage, water damage and other damages caused by the hurricane, without any legitimate reason, State Farm informed Plaintiff that State Farm was completely denying the claim.

15. As a result of State Farm's failure to properly investigate the damage to the Home, State Farm willfully disregarded the rights of Pace under the Policy for coverage of all damages to the premises and personal property.

16. While State Farm continued to delay the investigation and adjusting of the claim, on or about June 10, 2022, a wind/hail storm hit Forrest County, which also severely damaged the Home, including significant damage to the roof.

17. Pace advised State Farm of the significant roof damage caused by the wind and hail and made a second, separate claim under the Policy.

18. State Farm failed to send an adjuster to investigate and/or adjust the damage reported in June of 2022.  Rather, without any legitimate reason, State Farm informed Plaintiff via a letter dated July 22, 2022 that State Farm was completely denying the claim

19. Feeling aggrieved, Pace consulted with River Oaks Construction to assess the roof damage, document evidence of damage, and prepare an estimate to provide State Farm.  River Oaks Construction documented the damage and attempted to work with State Farm regarding Pace's claim.

3

20. After River Oaks Construction argued on behalf of Pace, State Farm finally sent an engineer to investigate the damage to the Home.

21. The engineer spent a negligible amount of time inspecting the roof and only photographed areas of the Home's roof that were not impacted by the wind/hail storm.

22. Despite conversations with River Oaks Construction and hundreds of photos showing wind and hail damage to the roof, State Farm again denied the claim, without any legitimate reason on August 31, 2022.

23. Despite the clear damage caused by the two events, along with the recommendations of River Oaks Construction , along with a $20,000 plus estimate from Anderson Retail, Inc., regarding flooring repairs caused by the water damage from the storms, State Farm continued to decline to fulfill its obligation to provide coverage for obvious damages caused by covered events under the Policy and continued to willfully disregarded the rights of Pace.

24. State Farm has no legitimate basis for denying either of Pace's claims.

25. State Farm's denial was done in bad faith and in reckless disregard for the rights of the Plaintiff.

26. Plaintiff has suffered significant property damage has suffered mental and emotional distress.

## <u>COUNT I - CLAIM FOR POLICY BENEFITS</u>

27. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

28. Plaintiff made a Claim pursuant to the Policy which arose in connection with wind loss.

4

29. Although Plaintiff has made due demand for payment of policy benefits for the above occurrence, State Farm has failed and refused to provide proper coverage and refused to pay the full benefits which are now due and remain unpaid, all to the detriment of Plaintiff.

## COUNT II – CLAIM FOR BAD FAITH FAILURE TO PAY BENEFITS, BAD FAITH DENIAL OF CLAIMS, BAD FAITH DELAY, AND BAD FAITH INVESTIGATION

30. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

31. At all material times, State Farm, acting through their agents, officers, and employees, acted wrongfully and, in bad faith, withheld benefits due to Plaintiff under the policy.

32. State Farm failed to provide Plaintiff coverage or benefits for the Claim which arose in connection with the wind and storm damage. State Farm has unreasonably delayed and refused to provide coverage or benefits under the policy, causing Plaintiff financial and emotional hardship.

33. By refusing to explain Plaintiff's rights under each separate Claim, honestly and timely investigate and pay the Claim, State Farm has acted fraudulently, maliciously, oppressively, and outrageously towards Plaintiff with conscious disregard for the Plaintiff's rights. These actions taken by State Farm were purposeful and deliberately undertaken with malice and vindictiveness. Plaintiff has suffered embarrassment, humiliation, and mental and emotional distress because of these actions by State Farm.

34. State Farm's refusal to pay benefits has compelled Plaintiff to engage legal counsel and to initiate litigation to recover coverage and benefits under the Policy.

35. State Farm has deprived Plaintiff of the benefits justly due under the policy when State Farm knew that those benefits were needed by Plaintiff.

36. By unreasonably refusing to provide benefits of coverage in payment of Plaintiff's valid Claim, State Farm acted fraudulently, oppressively, maliciously, and outrageously toward

Plaintiff, with conscious disregard for her rights under the law and under the Policy, and did so with intentions of benefitting State Farm financially, harassing Plaintiff, discouraging Plaintiff from asserting a valid claim, avoiding payment of the valid claim, and causing or willfully disregarding the potential of severe emotional distress to Plaintiff.

37. The course of conduct of State Farm, as described above, was deliberately undertaken; was wanton, willful, and in reckless disregard of the rights and well-being of Plaintiff, and was attended by malice and vindictiveness on the part of State Farm in that State Farm:

    a.    Willfully failed to tender payment of benefits owed to Plaintiff;

    b.    Willfully failed to investigate, adjust, and pay Plaintiff's claim in a reasonably prompt manner;

    c.    Willfully failed to tell Plaintiff the plain truth regarding the investigation, evaluation, and payment or nonpayment of the Claim;

    d.    Willfully failed to evaluate each and every issue during the adjusting of Plaintiff's claim, to give at least equal consideration to the interests of Plaintiff which State Farm gave itself;

    e.    Willfully utilized investigation, evaluation, and/or adjusting processes for improper purposes in order to deny and/or delay payment of the Claim;

    f.    Willfully disregarded pertinent and relevant information while investigating, evaluating, and/or adjusting the Claim in order to deny the Claim; and

    g.    Willfully and without justification failed to provide coverage to Plaintiff.

By reason thereof, Plaintiff requests that this Court award punitive damages.

38. As a direct result of the fraudulent, oppressive, malicious, and outrageous conduct of State Farm and of their bad faith in handling the Claim of Plaintiff for benefits under the Policy, Plaintiff has sustained substantial economic loss, including but not limited to attorneys' fees and seeking to recover benefits under the described Policy. As a further result of State Farm's outrageous and willful conduct and bad faith, Plaintiff has suffered embarrassment, humiliation, and mental and emotional distress. Plaintiff has suffered damages in an amount exceeding $250,000.00.

## COUNT III - NEGLIGENCE AND GROSS NEGLIGENCE

39. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

40. The actions and inactions of the State Farm, as described above, constitute negligence, entitling Plaintiff to all consequential and special damages allowable under law, and further constitute such gross and reckless negligence so as to constitute malice or reckless disregard for Plaintiff's rights, thereby entitling her to heightened damages, including attorneys' fees, interest and punitive damages.

41. Specifically, State Farm was grossly negligent in the assessment of wind damage and the subsequent withholding of insurance proceeds despite the fact that they knew the damage to the Home was caused by an event covered under the policy in with the coverage paid for by Plaintiff pursuant to the Plaintiff's contract of insurance with State Farm.

42. State Farm has or should have special expertise in Home inspection, damage assessment, and the appraisal of damage claims. Despite overwhelming evidence that damage to the Home was caused by wind from the storm, State Farm intentionally, or with wanton disregard for Plaintiff, did not pay for the damage they knew Plaintiff had incurred, even though said payments were clearly defined under the contract of insurance between Plaintiff and State Farm.

## COUNT IV - BREACH OF CONTRACT

43. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

44. The actions and inactions of State Farm, as described above, constitute a breach of contract.

45. Plaintiff is entitled to all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorneys' fees, interest, and punitive damages.

## COUNT V - TORTIOUS BREACH OF CONTRACT

46. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

47. The course of conduct of State Farm, and the actions and inactions of State Farm, constitute breaches of contract to such an extent as to rise to the level of an independent tort constituting tortious breach of contract, entitling Plaintiff to consequential damages, special damages, attorneys' fees, interest, punitive damages, and all other damages allowable by law.

## COUNT VI - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

48. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

49. The actions and inactions of State Farm, as described above, constitute a breach of the covenant of good faith and fair dealing implied in all contractual arrangements between contracting parties in the State of Mississippi, entitling Plaintiff to all damages allowable pursuant to law, including consequential damages, special damages, attorneys' fees, interest, and punitive damages.

50. Specifically, State Farm owed Plaintiff the duty to act in good faith and to deal fairly with them. Included within that duty was a duty to promptly and fairly inspect and investigate all relevant information and make a realistic evaluation of the Claim, yet the agents and employees assigned to adjust and evaluate the loss were not familiar with or were intentionally disregarding the clear evidence supporting the amounts owed to Plaintiff. As a result, State Farm breached the covenant of good faith and fair dealing.

## COUNT VII - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff incorporates by reference herein the allegations set forth in paragraphs above.

52. The actions and inactions of State Farm as described above, constitute negligent and
intentional infliction of emotional distress, entitling the Plaintiff to all damages allowable
pursuant to law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment of, from, and
against State Farm for compensatory damages, special damages, emotional distress damages,
incidental and consequential damages, plus attorneys' fees and costs, *Veasley* damages, punitive
damages, and pre-judgment and post-judgment interest as determined by a jury of Plaintiff's peers.

Respectfully submitted this the 31st day of January, 2023.

**JULIE PACE**
**Plaintiff**


BY:_____
P. MANION ANDERSON, MSB #104250

P. MANION ANDERSON, MSB #104250
MCHARD, MCHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road., Suite 1500
Hattiesburg, MS 39402
Telephone: 601-450-1715
Facsimile: 601-450-1719
Email: manderson@mchardlaw.com