IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JULIE PACE**                                                                                          **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 2:23-cv-00019-HSO-BWR

**STATE FARM FIRE AND**                                                                      **DEFENDANTS**
**CASUALTY COMPANY and JOHN**
**DOES 1-10**

### ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND DEADLINE TO DISCLOSE EXPERT WITNESS REBUTTAL OPINIONS [91]

THIS MATTER is before the Court on Plaintiff Julie Pace's Motion to Extend Deadline to Disclose Expert Witness Rebuttal Opinions [91] and Memorandum in Support [94]. Defendant State Farm Fire and Casualty Company ("State Farm") has filed a Response [100] and Memorandum [101], and Pace has filed a Rebuttal [107]. Having considered the parties' submissions, the record, and relevant legal authority, the Court will grant Pace's request to extend her rebuttal expert deadline to October 20, 2023.

### BACKGROUND

State Farm designated experts on August 21, 2023. By operation of Federal Rule of Civil Procedure 26(a)(2)(D)(ii), Pace's rebuttal expert designations were due September 20, 2023. Pace filed the instant Motion to extend her deadline on September 18, 2023 and did not file a memorandum in support of the Motion until September 20, 2023. The discovery deadline is November 6, 2023. Trial is set for August 5, 2024.

In her Motion, Pace's explanation for not designating a rebuttal expert timely is "the amount of experts designated by State Farm and the complexity of this matter and deadlines in other matters." [91] at 1. Pace submits that "State Farm disclosed five (5) expert witnesses, including two engineers, a meteorologist and a claims expert, with a combined 130 pages in expert opinions," and "rebuttal opinions are important to prove both causation and damages." [94] at 2. Pace argues that State Farm will not suffer prejudice if her rebuttal expert designation deadline is extended because "State Farm will have the opportunity to disclose its own rebuttal opinions, discovery is ongoing, and no expert witness depositions have been taken. Moreover, State Farm's adjusters have not been deposed yet and are scheduled to be deposed on October 11, 2023." *Id.*

State Farm counterargues that Pace's deadline for designating experts was already extended from June 6, 2023 to July 21, 2023, and Pace has known since August 26, 2022 that engineer Cornelia Sides inspected the insured property and prepared a report, and has known since June 2, 2023 that engineer Joe Shahid and contractor Jerry Houston attended State Farm's inspection of the property. [101] at 2. State Farm emphasizes that, with the benefit of Sides' report and knowing that Sides, Shahid, and Houston had inspected the property, Pace designated one expert, a non-engineer, namely Patrick Wallace, the owner of River Oaks Construction, LLC and a licensed contractor. [100-3] at 3.

In rebuttal, Pace complains that "during the June 2021 inspection in relation to this lawsuit, State Farm's engineers removed slate from the Plaintiff's roof for

testing," and according to Pace, "State Farm represented at the inspection that it would send Plaintiff's counsel the results." [107] at 2. Pace's counsel claims that he asked State Farm over the telephone for the test results prior to her expert designation deadline "so that Plaintiff could adequately address them in her designations." *Id.* According to Pace, she "had no possible way of predicting what State Farm's expert reports would state or what the results of the shingle testing were until after State Farm's expert designation deadline." *Id.* State Farm produced the test results with its expert designations. *Id.*

Pace maintains that once she "received State Farm's 371 pages of expert opinions, [she] promptly sought local engineers to review and assist with her claims, but none were willing to do so." *Id.* at 3. Pace avers that she "finally was able to locate an engineer willing to inspect Plaintiff's home after reviewing the myriad of expert opinions provided by State Farm, and that inspection is set to take place on October 12." *Id.* at 3. Pace asserts that "[t]he complexity of this matter cannot be understated – it involves a synthetic slate roof which is not common to the area and State Farm's expert allegedly reviewed class action documents and infers that the synthetic slate was not manufactured properly." *Id.* at 2-3. Pace repeats that State Farm faces no prejudice if her rebuttal expert deadline is extended because the extension will not require a continuance of the trial date and "State Farm has opened a new claim for potentially covered damage to Plaintiff's home and that claim file has not been produced yet." *Id.* at 3.

**DISCUSSION**

District courts have broad discretion in enforcing the deadlines in their scheduling orders. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). A scheduling order may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The Court considers four factors: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Shepherd v. City of Shreveport*, 920 F.3d 278, 287-88 (5th Cir. 2019). "This Court and others within the Fifth Circuit have described the explanation for needing more time as the most important factor." *Norton v. BP Expl. & Prod. Inc.*, No. 1:21-cv-71-HSO-JCG, 2021 WL 4955198, at *2 (S.D. Miss. Sept. 27, 2021) (collecting cases).

"Rebuttal must be kept in perspective; it is not to be used as a continuance of the case-in-chief." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991). "The purpose of rebuttal and supplementary disclosures is just that – to rebut and supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). "Rebuttal evidence is generally allowed to counter new facts presented in the defendant's presentation of proof or to rebut evidence unavailable earlier through no fault of the plaintiff." *McAfee v. Murray Ohio Mfg., Inc*, 66 F. App'x 523, *7 (5th Cir. 2003). "This rule proceeds from the view that a plaintiff's [sic] has the right to adduce whatever evidence is necessary to establish its prima facie case and is under no

4

obligation to anticipate and negate in its own case in chief any facts or theories that may be raised on defense." *Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986).

As for factor one, the explanation for delay, Pace knew before her initial expert designation deadline that causation and damages were the central issues, it is her burden to establish causation and damages, and she designated contractor Wallace as a causation and damages expert, with the knowledge that an engineer, on behalf of State Farm, had removed slate for testing. Pace had an opportunity to designate an engineer affirmatively and chose not to do so. On the other hand, Pace was under "no obligation to anticipate and negate in [her] own case in chief any facts or theories that may be raised on defense." *Rodriguez,* 780 F.2d at 496. If State Farm's expert designations presented new facts or evidence previously unavailable to Pace, then these subject matters are proper subjects for rebuttal. Thirty days is a relatively short time frame to have an expert complete a report on shingle test results and manufacturing defect, although every litigant who chooses to offer a rebuttal expert is subject to Rule 26(a)(2)(D)(ii)'s thirty-day deadline. Pace waiting until two days before her rebuttal expert deadline to move to extend the deadline was not diligent but, under the circumstances of this case, not so egregious that Pace should be precluded from having a rebuttal expert on that basis alone.

As for factor two, the importance of the testimony, the Court is unpersuaded that the number of State Farm's experts and the length of its expert designations is the appropriate focus because Pace is not allowed to reverse the burden of proof by using a rebuttal expert to "fix" her affirmative expert designation. But, without a

5

rebuttal expert, Pace will be unable to counter new facts or evidence previously unavailable to her that State Farm raises in its expert designations.

As for factor three, while Pace posits that there is no prejudice because "State Farm will have the opportunity to disclose its own rebuttal opinions," [94] at 2, the Federal Rules of Civil Procedure do not confer a right to sur-rebuttal expert testimony without leave of court. *See Louisiana Health Care Self Ins. Fund v. United States*, No. CIV.A. 12-766-JJB, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014) (collecting cases). As for Pace's argument that discovery is ongoing and important depositions have not yet been taken, State Farm has complied with the case management deadlines and does not request a discovery deadline extension. On the other hand, an extension until October 20, 2023 for Pace to designate a rebuttal expert can be granted without extending the discovery deadline.

Pace's arguments are not fully persuasive, but mindful of the minimal prejudice to State Farm in allowing a limited extension and cognizant that "a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time," *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016), the Court will grant Pace the relief she seeks. Pace has until October 20, 2023 to designate in rebuttal <u>only</u> the engineer that she represented would be inspecting the property on October 12, 2023. This engineer's designation must be limited to proper rebuttal testimony. If State Farm is unable to schedule the deposition of Pace's rebuttal expert before November 6, 2023, the Court will consider a motion by State Farm to extend the discovery deadline solely for the purpose of deposing Pace's

rebuttal expert. This ruling is confined to the ministerial matter of whether to allow an extension of the rebuttal expert deadline and does not determine whether Pace's rebuttal expert designation stays within the confines of proper rebuttal testimony. The admissibility of testimony is for the trial judge's determination.

**IT IS THEREFORE ORDERED** that Plaintiff Julie Pace's Motion to Extend Deadline to Disclose Expert Witness Rebuttal Opinions [91] is **GRANTED**. Pace's rebuttal expert designation is due October 20, 2023.

**SO ORDERED,** this the 18th day of October, 2023.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE