IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JULIE PACE**                                                                                             **PLAINTIFF**

v.                                                                          Civil No. 2:23cv19-HSO-BWR

**STATE FARM FIRE AND
CASUALTY COMPANY**
                                                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION [125] TO STRIKE PLAINTIFF'S REBUTTAL EXPERT DESIGNATION

BEFORE THE COURT is Defendant State Farm Fire and Casualty Company's Motion [125] to Strike Plaintiff Julie Pace's Rebuttal Expert Designation of Dreux A. Seghers. The Motion [125] has been fully briefed. Having considered the parties' submissions, the record, and relevant legal authority, the Court finds that the Motion [125] to Strike Plaintiff Julie Pace's Rebuttal Expert Designation should be granted and that Plaintiff's designation of Dreux A. Seghers as a rebuttal expert should be stricken.

I. BACKGROUND

A.   Factual background

On January 31, 2023, Plaintiff Julie Pace ("Plaintiff" or "Pace") filed suit against Defendant State Farm Fire and Casualty Company ("Defendant" or "State

1

Farm"), bringing claims relating to a home insurance policy. *See* Compl. [1]; Am. Compl. [4].

Plaintiff alleges that after her home was damaged by "major windstorms, tornadoes, and thunderstorms[,]" Defendant failed to properly investigate her claim. *Id.* at 3. Another storm allegedly damaged her home and Pace submitted a second claim. *Id.* at 3. After Defendant denied Pace's second claim, she hired River Oaks Construction, LLC to assess the roof damage and provide a repair estimate to Defendant. *Id.* At Plaintiff's request, Defendant sent engineer Cornelia Sides ("Sides") to investigate on August 15, 2022. *Id.*; Ex. [125-14] at 1. Plaintiff alleges that Sides spent a "negligible amount of time inspecting the roof and only photographed areas of the [h]ome's roof that were not impacted by the wind/hail storm." Am. Compl. [4] at 3. After performing a review, Sides presented a report to Defendant, which purportedly confirmed its decision to deny the claim. *See* Am. Compl. [4] at 3; NV5 Report [125-15]. As a result of Defendant's denial of her claims, Plaintiff seeks over $250,000.00 in damages and brings claims for policy benefits; bad faith failure to pay benefits; bad faith denial of claims; bad faith delay; bad faith investigation; negligence and gross negligence; breach of contract; tortious breach of contract; breach of the covenant of good faith and fair dealing; and negligent and intentional infliction of emotional distress. *Id.* at 4-8.

On March 23, 2023, the Court entered a Case Management Order [12], setting Plaintiff's expert designation deadline for June 6, 2023. *See* Order [12]. On June 1, 2023, Plaintiff sought an extension of her initial expert designation

deadline, *see* Mot. [48], which was granted, giving her until July 21, 2023, to designate experts, *see* Text Only Order, June 5, 2023.

On May 15, 2023, Defendant informed Plaintiff that its engineer, Joe Shahid ("Shahid"), would make an on-site inspection of Plaintiff's home. *See* Ex. [125-17]. The inspection took place on June 2, 2023, with both parties' counsel present. *See id.*; Mem. [131] at 6. Shahid obtained a sample of Plaintiff's roofing material and had it tested. Mem. [131] at 6; Mem. [126] at 6-7. On July 20, 2023, Defendant emailed the test results to Plaintiff. *See* Ex. [125-18].

The next day, Plaintiff submitted her expert designation, designating Patrick Wallace and/or River Oaks Construction, LLC (collectively "River Oaks") as her only expert. *See* Pace Expert Designation [125-19]. River Oaks was designated as a causation expert, and Plaintiff informed Defendant she expects testimony "regarding the cause of loss, cause of damage to the Home, and the date of the loss." *Id.* at 4. River Oaks will also testify that "the roof needs to be replaced due to hail, wind, and/or storm damage and that the cost to replace the roof will be $131,772.09." *Id.* Defendant served its expert designations on August 21, 2023, and relevant to this Motion [125], it designated its two engineers, Sides and Sahid, as experts. *See* State Farm Expert Designation [125-21] at 1-3.[1] Defendant stated that Sides and Shahid will "opine that the subject storms, including Hurricane Ida, did not cause accidental direct physical loss to Pace's property." Mem. [125] at 6.

---

[1] State Farm also designated three other experts, Jerry Houston, Jack C. Williams, Jr., and Barry D. Keim, whose opinions and reports are not pertinent to the present Motion [125]. *See* State Farm Expert Designation [125-21] at 3-6.

3

Plaintiff had until September 20, 2023, to designate a rebuttal expert. *See* Order [113] at 1. On September 18, 2023, she requested an extension of her rebuttal expert deadline. *See* Mot. [91]. The Magistrate Judge granted Plaintiff's request, but specified that the "engineer's designation must be limited to proper rebuttal testimony." Order [113] at 6-7. Plaintiff was given until October 20, 2023, to designate a rebuttal expert, which she did on that day, designating Dreux A. Seghers ("Seghers"), an engineer. *See id.* at 7; Not. [115] at 1; Pace Supplemental Expert Designation [125-16] at 5.

In his report, Seghers states he "was retained to determine the cause and origin of the reported damage to the residence, and more specifically, if the damage was caused by the effects of the high winds from the subject storm." Pace Supplemental Expert Designation [125-16] at 7. His report opines that "the missing and damaged/broken roof shingles around the roof were caused by the high winds from the subject storm[,]" and that "the roof leaks were originally caused from the effects of the high winds in the subject storm." *Id.* at 10. Additionally, as to the damage to the interior of Pace's home, Seghers states that "the roof penetrations allowed water and wind to enter the residence causing damage to the attic and ceiling and possibly interior drywall finishes." *Id.*

Defendant filed the instant Motion [125] to Strike Plaintiff's Rebuttal Expert Designation on November 6, 2023, asserting that Seghers is not offering proper rebuttal testimony. *See* Mot. [125]. Plaintiff filed a Response [130] on November 20, 2023, and Defendant filed a Reply [133] two days later. *See* Resp. [130]; Reply [133].

B.    The parties' arguments

1.    Defendant's Motion

State Farm points out that Federal Rule of Civil Procedure 26 only allows for rebuttal designation of "'evidence intended *solely to contradict or rebut* evidence on the same subject matter' identified by another party's expert." Mem. [126] at 8 (emphasis in original) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). Citing the Court's opinion in *McReynolds v Matthews*, Defendant argues that "where a defendant's expert opines on an essential element to plaintiff's claim, such opinions do not constitute new information that would be proper grounds for a rebuttal." *Id.* at 9 (citing *McReynolds v Matthews*, No. 1:16-CV-318-HSO-MTP, 2017 WL 5573194, at *4 (S.D. Miss. Nov. 20, 2017)). Here, Defendant asserts that Seghers is testifying as to causation, an essential element of Plaintiff's claim, and thus, just as in *McReynolds*, her rebuttal expert must be excluded because evidence on an essential element of her claim is not proper rebuttal expert testimony. *Id.* at 9-10 (citing *McReynolds*, 2017 WL 5573194 at *4).

Defendant further contends that because Seghers is not a rebuttal expert, his designation is untimely under the four-factor analysis used to determine whether to strike an expert designation for failure to timely disclose information. *Id.* at 9, 12-13 (citing *Jagneaux v. United Rentals (N. Am.), Inc.*, No. 1:18-CV-LG-RHW, 2020 WL 1821256, *4-5 (S.D. Miss. Apr. 10, 2020)). According to State Farm, because Seghers' opinion is duplicative of River Oaks', it would not be helpful to a jury; Plaintiff has not offered any "legitimate justification" for extending the discovery

5

deadline; a continuance will only delay the litigation; and Plaintiff has offered no legitimate justification for her failure to comply with the Court's discovery Order [113]. *Id.* at 12-13.

2. Plaintiff's Response [130]

Plaintiff responds that State Farm's experts have opined that the damage to Plaintiff's home is due to mechanical failure or construction defects, and Seghers rebuts this by opining that the damages were instead caused by wind or hail. Mem. [6] at 2-5. Plaintiff maintains that she was unaware of the opinions held by Sides and Shahid until Defendant served its expert designations on Plaintiff on August 21, 2023, and that any rebuttal expert needed Sides' and Shahid's reports to create a rebuttal report. *Id.* at 7-8. Plaintiff asserts that she "had no indication as to what State Farm's engineers would opine prior to their designation" and "thus, had to wait until after she was served with State Farm's engineering opinions before she could designate her own expert to rebut their specific engineering opinions." *Id.* at 7. Therefore, in Plaintiff's view, State Farm's experts' reports constituted new information that allowed for rebuttal testimony. *Id.*

3. Defendant's Reply [133]

In Reply [133], Defendant argues that Plaintiff's designation "goes far beyond" what is allowed under Rule 26, "as Seghers' report consists exclusively of opinions he could and should have provided at the time of Pace's initial expert disclosures." Reply [133] at 1 (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). Defendant asserts that it informed Plaintiff of its position that "[d]amage was identified to

6

your roof consisting of wear, tear, deterioration and lack of maintenance" no later than July 22, 2022, *id.* at 2 (alteration in original) (quoting Ex. [133-1]), and that Plaintiff possessed Sides' report, which was created on August 26, 2022, before State Farm denied Pace's claim for the third time on August 31, 2022, *id.* (citing NV5 Report [125-15] at 1). This undercuts Plaintiff's claim "that she 'had no indication as to what State Farm's engineers would opin[e] prior to their designation.'" *Id.* (quoting Mem. [131] at 7).

Plaintiff also knew at the time her expert designations were due that State Farm had retained Shahid as an engineer, and her counsel had been present for his inspection on June 2, 2023. *Id.*; *see also* Ex. [125-17] at 1-4. Plaintiff has also been provided the test results based on the samples Shahid collected. Reply [133] at 2. Finally, Defendant points out that Plaintiff failed to address the cases it cited for the proposition that Seghers, as a causation expert, cannot be a rebuttal expert and should have been disclosed as part of Plaintiff's initial designation. *Id.* at 3.

## II.  DISCUSSION

A.   Legal standard

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony.  Fed. R. Civ. P. 26(a)(2)(A). Parties must make expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Uniform Civil Rule 26(a)(2) states that a party must make its required expert disclosures "no later than the time specified in the case

management order[.]" L.U. Civ. R. 26(a)(2). As an exception, Rule 26 allows a late disclosure to be made so long as it is within 30 days of the other party's disclosure, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii).

"Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U. Civ. R. 26(a)(2); *see also McReynolds*, 2017 WL 5573194, at *3; *Ashford v. Wal-Mart Stores, LP*, No. 1:11-CV-57-HSO-JMR, 2013 WL 152853, at *2 (S.D. Miss. Jan. 15, 2013). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Woulard v. Greenwood Motor Lines, Inc.*, No. 1:17CV231-HSO-JCG, 2019 WL 3311753, at *2 (S.D. Miss. Feb. 5, 2019); *McReynolds*, 2017 WL 5573194, at *3.

A district court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders. *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 790-91 (5th Cir. 1990). In determining whether to exclude expert testimony as untimely, a court considers the following factors: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by a continuance; and (4) the explanation, if any,

8

for the party's failure to comply with the discovery order." *Jagneaux*, 2020 WL 1821256, at *4 (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)).

B.     <u>Analysis</u>

1.     <u>Pace's rebuttal expert designation of Seghers is untimely</u>

After requesting and receiving an extension of her deadline, Plaintiff had until July 21, 2023, to designate non-rebuttal experts. *See* Text Only Order, June 5, 2023. She designated Seghers on October 20, 2023, well beyond that deadline. *See* Not. [115]. Thus, Plaintiff argues that she was permitted to designate Seghers as a rebuttal expert. Because Plaintiff was granted an extension until October 20, 2023, to designate a rebuttal expert, her designation of Seghers is only timely if he is found to be a proper rebuttal expert. *See* Order [113] at 6 ("This engineer's designation must be limited to proper rebuttal testimony.").

The Court addressed the same issue in *McReynolds*, holding that "'[a] rebuttal expert report is not the proper place for presenting new legal arguments, unless presenting those arguments is substantially justified and causes no prejudice.'" *McReynolds*, 2017 WL 5573194, at *4 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016)). "'[I]t is well settled that an expert's rebuttal statement is not an opportunity for a correction or filling in the gaps of the party's case-in-chief . . . .'" *Id.* (alteration in original) (quoting *Engler v. MTD Prod., Inc.*, 304 F.R.D. 349, 356 (N.D.N.Y. 2015)).

9

In *McReynolds,* the plaintiff filed a legal malpractice claim against defendant related to the administration an estate, of which plaintiff was the sole beneficiary. *See id.* at *1. The plaintiff, who was originally appointed as administratrix of the estate, claimed that the defendant, whom she retained to probate decedent's will, had failed to administer the estate in a timely and proper manner. *Id.* The plaintiff did not designate an expert as to the reasonableness of attorneys' fees in her initial expert designation. *Id.* at *2. The defendant timely designated an expert as to that issue, *id.* at *2, and the plaintiff then attempted to designate a rebuttal expert to testify as to the reasonableness of attorneys' fees, *id.* The Court, finding that the reasonableness of attorneys' fees was an essential element of a malpractice claim, held that it was the plaintiff's burden to designate an expert to establish this element in her initial expert designation. *Id.* at *4 ("[b]ecause [reasonableness of attorneys' fees] was an essential element of [Plaintiff's attorneys' fees] claim, it cannot be said that [the defense expert's] opinions on the subject constitute new information that would be proper grounds for a rebuttal."). Accordingly, the Court struck Plaintiff's purported rebuttal expert as untimely disclosed.

Similar reasoning applies here. Causation is an essential element of Plaintiff's claim. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618 (5th Cir. 2008) ("'Under Mississippi law, a plaintiff has the burden of proving a right to recover under an insurance policy sued on,' and this basic burden never shifts from the plaintiff." (quoting *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978)); *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 356 (5th Cir. 2007)

10

(holding that under Mississippi law, "the plaintiff has the burden of proving that any losses were caused by a peril covered by the policy" (citing *Lunday v. Lititz Mut. Ins. Co.*, 276 So.2d 696, 699 (Miss. 1973))). Plaintiff acknowledges that Seghers is a causation expert, and there appears to be no dispute that he, under the guise of a proposed rebuttal expert, is expected to offer opinions as to the exact cause of the damages to Plaintiff's home. *See* Mem. [131] at 2. As it is Plaintiff's initial burden to prove that the damage to her home was caused by wind, as opposed to some other cause such as a construction deficiency as asserted by State Farm's engineers, Seghers' proffered testimony is not proper rebuttal evidence allowing for a late designation, *see McReynolds*, 2017 WL 5573194, at *4.

Even if causation were not an essential element of Plaintiff's claim, Seghers' designation should still be stricken because his testimony does not address new information. *See Shaidnagle v. Adams Cnty.*, No. 5:13-CV-112-DCB-JCG, 2014 WL 11427966, at *5 (S.D. Miss. Dec. 2, 2014) (holding a rebuttal designation was improper where the proposed rebuttal testimony was responding to a defense expert's testimony on a known and not new issue). Plaintiff had ample notice that Defendant had retained engineers, *see* Exs. [125-17], [125-18], NV5 Report [125-15], and that it was Defendant's position that there was "no evidence of wind or hail damage to [Pace's] roof" but instead the damage was caused by "wear, tear, deterioration and lack of maintenance[,]" Ex. [133-1] at 1. Defendant informed Plaintiff of its position on her claim on July 22, 2022, *see* Ex. [133-1] at 1; Am. Compl. [4] at 3, which was almost a year before the initial expert designation

11

deadline, *see* Text Only Order, June 5, 2023. Considering the evidence, Plaintiff's assertion that she "had absolutely no notice or hint as to what State Farm's engineering reports findings or opinions would state[,]" Mem. [132] at 6, is plainly belied by the record and is therefore untenable, *see Shaidnagle*, 2014 WL 11427966, at *5.

In sum, Defendant's experts' reports did not constitute new information that allowed for rebuttal testimony. If Plaintiff desired to designate an engineer to offer causation opinions, she should have done so in her initial expert designation. *See McReynolds*, 2017 WL 5573194, at *4; *Shaidnagle*, 2014 WL 11427966, at *5. Seghers is not a proper rebuttal expert, and as such, he needed to be designated by Plaintiff's initial expert deadline of July 21, 2023. *See* Text Only Order, June 5, 2023. He was not. *See* Pace Supplemental Expert Designation [125-16] at 5; Not. [115]. Therefore, the designation of Seghers as a rebuttal expert is untimely and improper.

2.  Rule 37's four factor analysis favors exclusion of Seghers

Having found the designation of Seghers violates the Court's discovery orders, it turns to Rule 37's four factor analysis to determine the proper course of action. *See Jagneaux*, 2020 WL 1821256, at *3-4. The second factor, prejudice to the party opposing the testimony, and the third factor, the possibility of a continuance to cure such prejudice, weigh heavily in favor of Defendant. The discovery deadline, as well as the dispositive and *Daubert* motions deadlines, have passed, which means that Defendant did not have an opportunity to depose Seghers before submitting its

dispositive motions. *See* Text Only Order, August 15, 2023; Order [129]; Text Only Order, January 23, 2024. This prejudiced Defendant, and a continuance would only further delay this case, in essence rewarding Plaintiff for failing to timely designate an expert without any justifiable explanation.

Additionally, the first factor, the importance of Seghers' testimony, is minimized by the fact that Plaintiff has already designated River Oaks as a causation expert. *See* Pace Expert Designation [125-19] at 3-5. Therefore, Seghers' opinions are also potentially duplicative and unhelpful to the trier of fact. *See Shaidnagle*, 2014 WL 11427966, at *4. Further, given the Court's rejection of Plaintiff's position that Seghers is a proper rebuttal expert, she has not offered any other justifiable explanation for her failure to adhere to the Court's discovery orders. *See* Order [113] at 6-7; Text Only Order, June 5, 2023.

In sum, the Court finds that the proper remedy is to strike Seghers' designation and exclude his testimony at trial.

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. Defendant's Motion [125] to Strike Plaintiff's Rebuttal Expert Designation should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED t**hat, Defendant State Farm Fire and Casualty Company's Motion [125] to Strike Plaintiff Julie Pace's Rebuttal Expert Designation of Dreux A. Seghers is **GRANTED** and his opinions will not be permitted at trial.

**SO ORDERED AND ADJUDGED**, this the 2nd day of February, 2024.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE