IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JULIE PACE**                                                                                     **PLAINTIFF**

v.                                                                           Civil No. 2:23cv19-HSO-BWR

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF JULIE PACE'S MOTION [164] FOR RECONSIDERATION

BEFORE THE COURT is Plaintiff Julie Pace's Motion [164] for Reconsideration of the Court's Order [161] Granting Defendant State Farm Fire and Casualty Company's Motion [125] to Strike Plaintiff's Rebuttal Expert Designation. After consideration of the Motion, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [164] for Reconsideration is not well-taken and should be denied.

### I. BACKGROUND

This is an insurance dispute brought by Plaintiff Julie Pace ("Plaintiff" or "Pace") against Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm") after her home was allegedly damaged by major storms in 2020, 2021, and 2022. Am. Compl. [4] at 2.

Plaintiff's expert designation deadline was July 21, 2023. Text Only Order, June 5, 2023. Plaintiff designated Patrick Wallace and/or River Oaks Construction, LLC ("River Oaks") as her only expert. *See* Pace Expert Designation [125-19]. After

1

Defendant designated two engineers it had retained, who had inspected Plaintiff's home, *see* Exs. [125-14], [125-15], [125-17], [125-18], Plaintiff improperly designated Druex A. Seghers ("Seghers") as a rebuttal expert on October 20, 2023, *see* Pace Supplemental Expert Designations [125-16] at 5.

Defendant filed a Motion [125] to Strike Plaintiff's Rebuttal Expert Designation on November 6, 2023, which the Court granted on February 2, 2024. *See* Order [161]; Mot. [125]. On February 14, 2024, Plaintiff filed the instant Motion [164] for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). *See generally* Mot. [164]; Mem. [165].

## II. DISCUSSION

A.  Rule 54(b) standard

Federal Rule of Civil Procedure 54(b) permits a party to seek reconsideration of an interlocutory order and authorizes a district court to revise its order at any time. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quotation omitted). However, this does not mean "a motion for reconsideration [is] the proper vehicle by which to present new arguments[,]" *Wolfe v. Tobacco Express II, Inc.*, No. 1:13-CV-104-LG-JMR, 2014 WL 12894122, at *2 (S.D. Miss. July 31, 2014) (quotation omitted), or that such a motion can be "based upon the same arguments previously addressed by the Court[,]" *Bishop Ins. Agency LLC v. Bishop Ins. Servs.*

2

*PLLC*, No. 1:18-CV-350-HSO-JCG, 2020 WL 1861962, at *1 (S.D. Miss. Mar. 16, 2020).

Furthermore, "[a]lthough Rule 54(b) is 'less exacting' than Rules 59(e) and 60(b), courts 'still look to the latter rules for guidance.'" *Knox v. Cain*, No. 5:13-CV-241-KHJ, 2023 WL 4053413, at *2 (S.D. Miss. June 16, 2023) (quoting *Lafayette City-Par. Consol. Gov't v. United States*, 622 F. Supp. 3d 257, 262 (W.D. La. 2022)). Thus, "the Court 'should consider whether there are manifest errors of law or fact upon which judgment is based, whether new evidence is available, whether there is a need to prevent manifest injustice, or whether there has been an intervening change in controlling law.'" *Id.* (quoting *Lafayette City-Par. Consol. Gov't*, 622 F. Supp. 3d at 262).

B.  Plaintiff's Motion [164] is not well-taken and should be denied

Plaintiff fails to make any argument or assertion that was not made, or could not have been made, in her initial Response [131] to Defendant's Motion [125] to Strike. *See generally* Mem. [165]. As a preliminary matter, under the Court's Local Rules Plaintiff was allotted thirty-five pages to respond to Defendant's Motion [125], L.U. Civ. R. 7(b)(5), but used only eight, *see* Mem. [131]. Thus, Plaintiff had ample pages remaining to raise the arguments she now makes in her twenty-eight-page Memorandum [165] in support of her Motion [164] for Reconsideration. Plaintiff has not shown the Court any reason why she was prevented from advancing any of the arguments she now makes in her brief opposing Defendant's original Motion [125]. *See generally* Mem. [165].

This is particularly true as it relates to Plaintiff's contentions regarding *McReynolds v. Matthews*, which Defendant cited in its initial Memorandum [126] in support of its Motion [125]. *See* Mem. [126] at 9 (quoting *McReynolds v Matthews*, No. 1:16-CV-318-HSO-MTP, 2017 WL 5573194, *4 (S.D. Miss. Nov. 20, 2017)). Plaintiff did not address the case at all in her Response [131], *see generally* Mem. [131], despite being on notice of its existence and its potential relevance, *see* Mem. [126] at 9. Instead, Plaintiff addresses *McReynolds* for the first time in her Motion [164] for Reconsideration, arguing that the Court should not have relied on it. *See* Mem. [165] at 9-10, 24-27. This is improper on a Rule 54(b) motion. *See Wolfe*, 2014 WL 5942225, at *2.

The bulk of Plaintiff's other arguments assert that Seghers does not make a new legal argument, and even if he did, it was not prejudicial to Defendant. *See* Mem. [165] at 13-23. This argument is primarily a reiteration and expansion of the arguments Plaintiff made in response to Defendant's initial Motion [125]. *See* Mem. [131] at 2-7. As for the rest of Plaintiff's arguments, she has not shown how she could not have presented such arguments in her original Response [131]. *See generally* Mem. [165].

However, even if Plaintiff had shown some reason why these arguments could not have been presented earlier, they are without merit. Plaintiff states that "[i]n its order, the Court references alleged new legal arguments made by Seghers." *Id.* at 13. Plaintiff appears to have latched onto the Court's quotation[1] of

---

[1] The relevant portion of the Court's order states: "[t]he Court addressed the same issue in *McReynolds*, holding that '[a] rebuttal expert report is not the proper place for presenting new legal

4

*McReynolds*'s holding, and treats it as the Court's own holding in this case; in other words, she believes that the Court granted Defendant's Motion [125] because it concluded that Seghers raised new arguments. *See* Mem. [165] at 18-23. Plaintiff ignores the sentence in the Court's Order [161] which follows that quotation, which states that "[i]t is well settled that an expert's rebuttal statement is not an opportunity for a correction or filling in the gaps of the party's case-in-chief[,]" Order [161] at 9 (quoting *McReynolds*, 2017 WL 5573194, at *4), and she also ignores the substantial discussion explaining why the Court's reasoning in *McRenyolds* applies to this case, *see* Mem. [165] at 18-23.

The Court did not state that Seghers had presented new legal arguments; instead it stated the opposite, that Seghers was being offered to testify on causation, an essential element of Plaintiff's initial case-in-chief that was already addressed in her designation of River Oaks. *See* Order [161] at 9-12. Plaintiff does not appear to dispute the finding that Seghers seeks to testify as to causation, *see* Mem. [165] at 20, or that she already designated an expert who reached the same ultimate causation conclusions as Seghers, *see* Mem. [165] at 12 ("When drafting his report, Seghers concluded that Julie's roof was damaged by the aforementioned hurricane and hail/windstorm, a conclusion that was shared by Patrick Wallace, [Pace's] previously designated expert."). Simply put, Plaintiff sought to improperly use Seghers to "fill in the gaps" in her case-in-chief, and not to rebut Defendant's expert

---

arguments, unless presenting those arguments is substantially justified and causes no prejudice.'" Order [161] at 9 (quoting *McReynolds*, 2017 WL 5573194, at *4).

5

designation, as she had already designated a causation expert. *See id.* Plaintiff's arguments in this regard are unpersuasive.

Additionally, Plaintiff makes statements such as the following: "[i]f a Plaintiff is not allowed to rebut issues of causation raised by a Defendant's expert, there is no purpose of a rebuttal expert under the Federal Rules of Civil Procedure." Mem. [165] at 9-10, 19. This statement underscores Plaintiff's misunderstanding of the issue. It is Plaintiff's burden to raise and address the issue of causation in her case-in-chief, not Defendant's. *See Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008).

If a plaintiff has properly addressed their initial burden in their initial expert designation, they do not need to designate a new expert to address the same issue, as their initially designated expert "should be just as capable of refuting any 'new issues' raised by [defendant's] written expert report[.]" *Shaidnagle v. Adams Cnty.*, No. 5:13-CV-112-DCB-JCG, 2014 WL 11427966, at *5 (S.D. Miss. Dec. 2, 2014); *see also Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that–to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.").

In sum, Plaintiff has failed to show why any of her arguments could not have been raised in her initial briefing on Defendant's Motion [125] to Strike, nor has she shown any reason for this Court to reconsider its Order [161]. Plaintiff's Motion [164] for Reconsideration is not well-taken and should be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of Plaintiff's remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Julie Pace's Motion [164] for Reconsideration is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE